

Villanova University School of Law
Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-2008

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Chen v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1279.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1279

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  06-4679

SHEN XIANG CHEN,
Petitioner

v.

ALBERTO GONZALEZ, ATTORNEY GENERAL,
Respondent

On Petition for Review of a Decision
of the Board of Immigration Appeals
Agency No. A76-505-798
Immigration Judge: Eugene Pugliese

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 15, 2008

Before: SLOVITER AND SMITH, *Circuit Judges*,
and DIAMOND, *District Judge**

(Filed: May 2, 2008)

OPINION

DIAMOND, *District Judge*.

---

*The Honorable Gustave Diamond, Senior District Judge for the Western District
of Pennsylvania, sitting by designation.

1

Shen Xiang Chen, a Chinese national, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying Chen's applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). For the reasons set forth below, we will deny Chen's petition for review.

I.

Because we write principally for the parties, we will state only the facts necessary for our analysis. In February of 2000, Chen arrived in the United States Virgin Islands and immediately was taken into custody. Removal proceedings were instituted against him for being an alien not in possession of a valid entry document. Chen filed an application, and later an amended application, for asylum, withholding of removal, and CAT protection claiming past persecution and a well-founded fear of future persecution on account of political opinion, specifically, his opposition to his girlfriend's forced abortion, his violation of China's birth control policy and his illegal departure from China.

Chen alleged in his amended application that he and his girlfriend were married in a traditional ceremony in China on March 8, 1999. However, it is not disputed that he was not legally married under Chinese law, as the Chinese government denied the couple a marriage license and refused to register the marriage because Chen's girlfriend was underage at the time. Chen's girlfriend became pregnant in August of 1999. On

2

November 7, 1999, officials from the local family planning office visited the home of Chen's parents, where Chen and his girlfriend were living, and took Chen's girlfriend to undergo an abortion. Chen visited the family planning office and engaged in an argument with the village leader. The next day, Chen received a subpoena to appear at the public security bureau. Chen went into hiding and subsequently was smuggled out of China. A fine was imposed on Chen for his violation of the family planning policy which Chen's father paid on behalf of his son after Chen fled.

The IJ's first decision denying Chen's applications for asylum, withholding from removal, and CAT protection was remanded by the BIA for further proceedings. On December 8, 2004, after additional hearings and the consideration of additional evidence, the IJ again denied Chen's applications. On October 5, 2006, the BIA dismissed Chen's appeal.

II.

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. §1252(a). We review the BIA's findings of fact under the "extremely deferential" substantial evidence standard. *Chen v. Attorney General of the United States*, 491 F.3d 100, 109 (3d Cir. 2007). Under this standard, the BIA's findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation omitted). Determinations as to whether an asylum applicant has suffered from persecution or whether that individual has a well-founded fear of future persecution are

3

factual and thus are entitled to deference. *Wang v. Gonzalez*, 405 F.3d 134, 138 (3d Cir. 2005).

III.

To qualify for asylum, a petitioner must show that he is a "refugee." 8 U.S.C. § 1158(b)(1)(A). An applicant may establish his status as a refugee by showing either that he has been subject to past persecution, or that he has a well founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group or political opinion. 8 U.S.C. § 1101(a)(42). The statutory definition of refugee provides that "a person who has been forced to abort a pregnancy or undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program" is "deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(b).

Under the foregoing provision, the BIA allows one spouse's persecution or fear of persecution based upon a forced abortion or involuntary sterilization to be imputed to the other spouse, *Matter of C-Y-Z*, 21 I. & N. Dec. 915 (BIA 1997) and *In re S-L-L,* 24 I. & N. Dec. 1 (BIA 2006), and we recently upheld the BIA's interpretation of this provision as reasonable. *Chen*, 491 F.3d at 108.

Chen seeks asylum under § 1101(a)(42)(b). However, the BIA has limited its interpretation of this provision in *C-Y-Z* to applicants who are legally married under Chinese law. *In re S-L-L,* 24 I. & N. Dec. at 4. Here, it is undisputed that Chen and his

4

girlfriend were not legally married under Chinese law, and *S-L-L* has clarified that the *C-Y-Z* rule does not apply to unmarried applicants claiming persecution based on a partner's abortion or sterilization. *Id; see also Chen v. Ashcroft*, 381 F.3d 221 (3d Cir. 2004) (deferring to BIA's distinction between married and unmarried couples). Thus, Chen's only possible recourse under § 1101(a)(42)(b) would be to establish persecution or fear of future persecution based upon "other resistance to a coercive population control program." *Id.*

Substantial evidence supports the BIA's conclusion that Chen fails to qualify for asylum under § 1101(a)(42)(b), as the record fails to show that, even assuming *arguendo* that Chen's argument with the village leader regarding his girlfriend's abortion could be construed to constitute "other resistance to a coercive population control program", there is no evidence in the record that he was persecuted, or has a reasonable fear of future persecution, based upon such resistance. Chen was never arrested for his argument and the BIA's conclusion that the mere issuance of a subpoena for him to appear at the police station, without more, is not tantamount to persecution is entitled to deference. *See Li v. Attorney General of the United States*, 400 F.3d 157, 166-67 (3d Cir. 2005)(persecution defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom."). Moreover, the BIA's conclusion that Chen's fear of future persecution, based either on his defiance of the subpoena or his illegal departure from China, is merely speculative is supported by substantial evidence in light

5

of the fact that his girlfriend already has had the abortion and his father has paid the fine for Chen's violation of the birth control policy.

## IV.

The BIA's denial of Chen's application for withholding of removal likewise is supported by substantial evidence. The government must grant an applicant withholding of removal only upon a demonstration of a "clear probability" that upon his return to his home country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). Because the threshold for asylum is lower than the threshold for withholding of removal, our rejection of Chen's asylum claim necessarily requires that we reject his withholding of removal claim as well. *Wang*, 405 F.3d at 144.

## V.

Chen's claim for protection under the CAT also must be rejected. An applicant is entitled to withholding of removal under the CAT if he establishes that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. §1208.16(c)(2). Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted" by a public official for certain purposes. 8 C.F.R. § 1208.18(a)(1). Here, the record is wholly bereft of any evidence whatsoever that Chen would be subjected to torture should he return to China.

Accordingly, for the foregoing reasons, we will deny Chen's petition for review.

6